USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2129 RAMIRO RAMIREZ, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge],  ___________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Ramiro Ramirez on brief pro se. ______________ Sheldon Whitehouse, United States Attorney, Margaret E. Curran __________________ ___________________ and Kenneth P. Madden, Assistant United States Attorneys, on brief for _________________ appellee. ___________________ February 5, 1998 ____________________ Per Curiam. Upon careful review of the briefs and the __________ record, we conclude that our opinion in petitioner's direct appeal, United States v. Tabares, 951 F.2d 405, 409 (1st Cir. _____________ _______ 1991), did not adjudicate petitioner's specific claim of ineffective assistance of counsel, namely that, without petitioner's consent, during closing argument, his trial attorney conceded petitioner's guilt to weapons counts. Our prior opinion expressly refrained from ruling on any "claim that involves matters outside the trial record itself," which would include the specific ineffective assistance of counsel claim that petitioner now raises, and particularly the factual question whether petitioner consented to the concession of guilt. Accordingly, that claim should not have been dismissed as "a matter raised and properly denied on direct appeal." Of course, we intend no comment whatsoever on the merit, if any, of the claim, but only conclude that it was dismissed prematurely. We note from the appellate record that there may be some dispute about the signatures on petitioner's filings. In these circumstances, we cannot say that an evidentiary hearing necessarily will be required. We leave that question of procedure to the district court, upon its review of the papers before it and its determination whether a sufficient disputed factual issue has been joined. See David v. United ___ _____ ______ States, No. 97-1398, 1998 WL 21848, at *6-7 (1st Cir. Jan. ______ -2- 27, 1998), quoting United States v. McGill, 11 F.3d 223, 225- _______ _____________ ______ 26 (1st Cir. 1993). The judgment of dismissal is vacated, and the case is _______ remanded to the district court for further proceedings ________ consistent with this opinion. -3-